Mr. Max Snowden, Executive Director Arkansas Commission on Child Abuse, Rape and Domestic Violence University of Arkansas For Medical Sciences Mail Slot 606 4301 W. Markham Little Rock, Arkansas 72205-7199
Dear Mr. Snowden:
I am writing in response to your request for an opinion on the requirements of Act 1452 of 2001, currently codified at A.C.A. § 12-9-113
(Supp. 2001). That act requires "all new law enforcement officers" to complete twenty hours of training regarding domestic violence and twenty hours of training regarding child abuse. Your question is as follows:
 Does Act 1452 of 2001 apply to "specialized" law enforcement officers, e.g., Adult Probation and Parole Officers employed by the Department of Community Corrections or others?
RESPONSE
It is my opinion that the language of the Act does not clearly answer this question. As a consequence, the Arkansas Commission on Law Enforcement Standards and Training has the discretion to determine the issue through its implementation of the Act. In my opinion, the Commission would not be acting outside statutory mandates if it did not require "specialized" law enforcement officers to complete the Act 1452 training.
Section 12-9-113 provides as follows:
 (a)(1) In accordance with the certification requirements of the Arkansas Commission on Law Enforcement Standards and Training for law enforcement officers, all new law enforcement officers in the State of Arkansas shall complete at least twenty (20) hours of training in domestic violence and twenty (20) hours of training in child abuse.
(2) Practicum training will also be sufficient for this requirement.
 (b) Pertaining to domestic abuse, the topics that shall be covered are:
(1) The dynamics of domestic abuse;
(2) The Domestic Abuse Act of 1991; § 9-15-101 et seq.;
(3) Domestic abuse victim interview techniques;
(4) Supportive services available; and
 (5) Pro-arrest guidelines and drawbacks of dual arrest and practices to promote the safety of officers.
 (c) Pertaining to child abuse victim interview techniques, the topics that shall be covered are:
 (1) Current law, including the Arkansas Child Maltreatment Act, § 12-12-501 et seq., and the Arkansas Juvenile Code of 1989, § 9-27-301
et seq.;
(2) Child sexual abuse; and
(3) Physical and behavioral indicators.
Your question is whether "specialized" law enforcement officers are subject to the training requirements above. I assume your question is whether "new" specialized law enforcement officers must comply, as "new" law enforcement officers are the only ones subject to the Act 1452 requirement. "Specialized" law enforcement officers or "specialized police personnel" are defined as "those Full-time or Part-time officers authorized by statute or employed by a law enforcement unit whose duty as prescribed by law or ordinance is enforcing some part of the criminal, traffic or highway laws of this state and their authority is limited to the facility or area in which they work." Commission on Law EnforcementStandards and Training Regulations, ("Regulations") § 1001 (25). "These officers may be either Full-time or Part-time officers whose duties are limited or restricted to the facility or area in which they work, and may include the enforcement of agency rules and regulations for which the penalty could be a fine or imprisonment." Regulations, § 1013 (2).
Act 1452 of 2001 does not mention "specialized police personnel." It simply applies to "all new law enforcement officers." "Law enforcement officer" is a term defined by statute as "any appointed law enforcement officer who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state, excluding only those officers who are elected by a vote of the people." A.C.A. § 12-9-101(1). "Specialized police personnel" exercise some of the powers of "law enforcement officers," but are not invested with the full range of powers and duties afforded "law enforcement officers." In my opinion, therefore, Act 1452 does not clearly apply to "specialized police personnel."
The Commission on Law Enforcement Standards and Training has authority to implement the law in this regard. This authority is evident from a reading of Act 1452, wherein it states "In accordance with thecertification requirements of the Commission on Law Enforcement Standardsand Training . . . all new law enforcement officers . . . shall complete . . . [the training]." (Emphasis added). The Commission's regulations state that "[th]e Commission shall approve all training courses and certification provided for Specialized Police Personnel." Regulations, § 1013 (3). In my opinion, therefore, the Commission is invested with discretion as to the implementation of the training requirements under the facts you describe. In my opinion, the Commission would not be acting outside statutory mandates in declining to apply the Act 1452 training requirements to "specialized police personnel." See also Op. Att'y. Gen.2001-219 (where the language of Act 1452 of 2001 is unclear, the Commission has discretion to decline application of the training to out-of-state law enforcement officers upon their transfer to Arkansas).
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh